Case 3:15-cv-02676-L-BF Document 23 Filed 05/31/16 Page 1 of 9 PageID 1030

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN - 1 2016
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SCOTT CASEY LANGLEY, § | |
| Plaintiff, § | |
| v. § | No. 3:15-CV-2676-L (BF) |
| CAROLYN W. COLVIN, Acting § | |
| Commissioner of Social Security, § | |
| Defendant. § | |

## FINDINGS, CONCLUSIONS & RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Scott Casey Langley ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying his claims for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act pursuant to 42 U.S.C. § 405(g). For the following reasons, the undersigned respectfully recommends that the District Court REVERSE and REMAND the final decision of the Commissioner.

## BACKGROUND

Plaintiff alleges that he is disabled due to a variety of ailments, including depression and bipolar disorder. *See* Tr. [ECF No. 14-3 at 23, 42]. After Plaintiff's application was denied initially and upon reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held in Dallas, Texas before ALJ Stanley M. Schwartz on February 21, 2014. *See id.* [ECF No.14-3 at 25, 35]. Also present at the hearing was Vocational Expert ("VE") Conroathe. *See id.* [ECF No.14-3 at 35]. At the time of the hearing, Plaintiff was 28 years old. *Id.* [ECF No.14-3 at 36]. Plaintiff was born on January 16, 1986. *Id.* [ECF No.14-3 at 36]. Plaintiff attended the ninth grade twice but did not complete his ninth grade education. *See id.* [ECF No.14-3 at 37]. Plaintiff has past work experience as a forklift operator. *See id.* [ECF No. 14-3 at 55]. Plaintiff reported at his

hearing that he smokes marijuana approximately once a week. *See id.* [ECF No. 14-3 at 42]. Plaintiff also testified that he has problems controlling his anger which has resulted in physical altercations. *See id.* [ECF No. 14-3 at 44]. Plaintiff has not engaged in substantial gainful activity since January 1, 2012. *See id.* [ECF No. 14-3 at 20].

On April 3, 2014, the ALJ issued a decision finding Plaintiff not disabled. *See id.* [ECF No. 14-3 at 27]. The ALJ determined that Plaintiff had the following severe impairments: bipolar II disorder and substance abuse. *See id.* [ECF No. 14-3 at 20]. However, the ALJ determined that Plaintiff does not have an impairment or a combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). *See id.* [ECF No. 14-3 at 21]. The ALJ noted that a psychiatric review technique form was completed by Janice Rich, Ph.D, and that she opined that Plaintiff had mild limitations in activities of daily living, moderate difficulties in social functioning, and mild difficulties in maintaining concentration, persistence, or pace. *See id.* [ECF No. 14-3 at 23]. The ALJ also noted that Dr. Ritch completed a mental RFC assessment opining that Plaintiff could understand, remember, and carry out detailed, but not complex instructions, make decisions, attend and concentrate for extended periods of time, accept instructions, and respond appropriately to changes in a routine work setting. *See id.* [ECF No. 14-3 at 23]. In addition, the ALJ stated that, after careful consideration of the evidence, while Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms were not entirely credible, because they are not supported by objective findings and the history of medical treatment that shows Plaintiff's failure to attend scheduled appointments and follow prescribed

treatment, especially taking his medications consistently. *See id.* [ECF No. 14-3 at 24].

The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform the full range of work at all exertional levels, but with the following non-exertional limitations: simple 1-2 tasks, which are learned in 30 days or less, that are repetitive in nature, that include no contact with the public and no team work, and with incidental contact with supervisors. *See id.* [ECF No. 14-3 at 22]. The ALJ stated that transferability of job skills is not material to the determination of disability, because the Medical-Vocational Rules support a finding that Plaintiff is not disabled whether or not he has transferable job skills. *See id.* [ECF No. 14-3 at 25]. The ALJ determined that Plaintiff was not capable of performing his past relevant work, but considering Plaintiff's age, education, work experience, and RFC, there are jobs in significant numbers in the national economy that Plaintiff could perform. *See id.* [ECF No. 14-3 at 25]. The ALJ determined that Plaintiff could perform the tasks of a laundry worker, industrial cleaner, and floor waxer. *See id.* [ECF No. 14-3 at 25]. The ALJ explained that these jobs require only simple 1-2 step tasks, no contact with the public, no team work, and minimal supervision. *See id.* [ECF No. 14-3 at 26]. The ALJ stated that if Plaintiff is limited to simple tasks, he would not have trouble concentrating for two hours at a time or have problems staying on pace to complete such tasks. *See id.* [ECF No. 14-3 at 26]. The ALJ stated that the latter limitations were included to address Plaintiff's reports of anger issues. *See id.* [ECF No. 14-3 at 26].

Plaintiff appealed the ALJ's decision to the Appeals Council. *See id.* [ECF No. 14-3 at 2]. On June 19, 2015, the Appeals Council affirmed the ALJ's decision. *See id.* [ECF No. 14-3 at 2]. Plaintiff subsequently filed this action in the district court on August 17, 2015. *See* Compl. [ECF No. 1].

3

## **LEGAL STANDARDS**

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022

(5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Id.* (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)). Further, "[t]he ALJ is not required to discuss every

piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in his articulation compromises no aspect of fairness or accuracy that this process is designed to ensure.").

## ANALYSIS

Plaintiff argues that the ALJ should have considered whether Plaintiff could maintain employment, given that the ALJ found that Plaintiff suffers from severe bipolar disorder and substance abuse. *See* Pl.'s Br. [ECF No. 21 at 6]. Plaintiff contends that, while the ALJ does not need to make a finding regarding a claimant's ability to maintain employment in every case, if the medical evidence presents situations of a claimant experiencing intermittent periods of incapacity, the ALJ must specifically determine whether the claimant can hold a job for a significant time. *See id.* [ECF No. 21 at 6]. Plaintiff contends that case law holds that bipolar disorders, by their very nature, fluctuates between manic and depressive states, with periods of stability. *See id.* [ECF No. 21 at 6] (quoting *Cline v. Astrue*, 577 F. Supp. 2d 835, 850 (N.D. Tex. 2008)). Plaintiff points out that the ALJ did not ask the VE to consider a person who is unable to maintain employment. *See id.* [ECF No. 21 at 7]. Furthermore, Plaintiff contends that his work history since the onset date illustrates his inability to maintain employment. *See id.* [ECF No. 21 at 8]. Therefore, Plaintiff argues that the evidence of the record fails to support a finding that Plaintiff would be able to maintain employment for a significant period of time. *See id.* [ECF No. 21 at 8].

The Commissioner argues that the Fifth Circuit has rejected the contention that the ALJ in every case has to articulate a finding that the claimant is able to maintain a job on a sustained basis.

*See* Def.'s Br. [ECF No. 22 at 7] (citing *Frank v. Barnhart*, 326 F.3d 618, 621 (5th Cir. 2003)). The Commissioner further points out that the Fifth Circuit has stated that "absent evidence that a claimant's ability to maintain employment would be compromised despite his ability to perform employment as an initial matter, or an indication that the ALJ did not appreciate that an ability to perform work on a regular and continuing basis is inherent in the definition of RFC," the ALJ doe not have an obligation to make a specific finding that the claimant can maintain a job. *See id.* [ECF No. 22 at 7] (quoting *Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003)). The Commissioner further argues that, while Plaintiff must show that he is so functionally impaired that he cannot perform substantial gainful activity, Plaintiff cites no evidence that bipolar disorder, or any other impairment produced functional limitations that exceeded the limitations set forth in the ALJ's RFC determination. *See id.* [ECF No. 22 at 8]. The Commissioner argues that, because the record contains no evidence showing that Plaintiff had limitations that precluded him from maintaining substantial gainful employment during the relevant time period, remand is not appropriate. *See id.* [ECF No. 22 at 8].

"[I]n cases of severe mental illness, the Fifth Circuit has specifically held that the Commissioner 'must determine whether the claimant can hold whatever job he finds for a significant period of time.'" *Cline*, 577 F. Supp. 2d at 849 (quoting *Leidler v. Sullivan*, 885 F.2d 291, 293 (5th Cir. 1989); citing *Singletary v. Bowen*, 798 F.2d 818, 822 (5th Cir. 1986)). "This does not mean, however, 'that the ALJ must in every case articulate separate and distinct findings that the applicant can perform the incidents of a job and that he can maintain the job over a sustained period.'" *Id.* (quoting *Frank*, 326 F.3d at 621). "An RFC determination itself encompasses the necessary finding unless 'the claimant's . . . ailment waxes and wanes in its manifestation of disabling symptoms." *Id.*

(quoting *Perez v. Barnhart*, 415 F.3d 457, 465 (5th Cir. 2005)). "By its very nature, Plaintiff's bipolar disorder fluctuates between manic and depressive states with periods of apparent stability. . . . [P]ersons with a bipolar disorder experience mood shifts from high to low and back again in varying degrees of severity[.]" *Id.* at 850 (citing American Psychiatric Ass'n, Diagnostic & Statistical Manual of Mental Disorders at 386 (Text Revision 4th ed. 2000)). Where "Plaintiff's mental 'ailment waxes and wanes in its manifestation of disabling symptoms,' the ALJ's RFC determination itself does not encompass the necessary finding." *Id.* (quoting *Perez*, 415 F.3d at 465). Therefore, given the ALJ's finding of Plaintiff's severe bipolar disorder, "the ALJ was required by *Singletary* to specifically determine whether Plaintiff can hold whatever job he finds for a significant period of time." *Id.*; Tr. [ECF No. 14-3 at 20].

The Court has found that the failure to "make the specific determination required by *Singletary* [under these circumstances constitutes] legal error." *Cline*, 577 F. Supp. 2d at 850 (citing *Moore v. Sullivan*, 895 F.2d 1065, 1069-70 (5th Cir. 1990); *Leidler v. Sullivan*, 885 F.2d 291, 294 (5th Cir. 1989)). "The Fifth Circuit has left the lower courts no discretion to determine whether such an error was harmless. Rather, the court mandated that when the Commissioner 'has relied on erroneous legal standards in assessing the evidence, he must reconsider that denial.'" *Id.* (quoting *Moore*, 895 F.2d at 1070; *Leidler*, 885 F.2d at 294)). Upon consideration of the foregoing, "this case should be remanded with directions to the ALJ to apply the correct legal standard as set forth in *Singletary*." *Id.* Because the Court finds that reversal is warranted, the Court pretermits consideration of Plaintiff's alternative ground for reversal as he can raise it before the ALJ on remand. *See* 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

## RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends that the District Court REVERSE and REMAND the final decision of the Commissioner.

SO RECOMMENDED, this _____ day of _____, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).